Stephens *v.* Martin and others.

## STEPHENS *v.* MARTIN and others.

### (*Nashville.* December 16th, 1886.)

1. CHANCERY PLEADING AND PRACTICE. *Demurrer. Abandonment of.*

   A demurrer, filed with an answer and never acted on by the Court, is to be treated as abandoned.

   (See Code, §§ 5062–63, 5137 (M. & V.) ; §§ 4319–20, 4394 (T. & S.)'

2. EQUITY. *Stale demand. Insolvency of debtor.*

   A creditor's delay in bringing suit may be excused and explained by the debtor's insolvency.

3. STATUTE OF LIMITATIONS. *Prescribed by Code of* 1858. *Not applicable to rights of action accruing before.*

   The ten years' limitation of actions on judgments, prescribed by § 2776 of the Code of 1858, does not apply to actions on judgments rendered prior to October 1st, 1858. Causes of action accruing prior to that date are expressly excepted by § 47 of said Code from the limitations therein prescribed.

   Code cited: §§ 3473, 45 (M. & V.) ; §§ 2776, 47 (T. & S.)

   Case cited and 'criticized : McGrew *v.* Reasons, 3 Lea, 485.

### FROM DEKALB.

Appeal from Chancery Court of DeKalb County. W. G. CROWLEY, Ch.

B. M. WEBB, J. S. GRIBBLE, and B. J. TARVER, for Complainant.

J. H. SAVAGE for Respondents.

SNODGRASS, J. This is an action on a judgment for $256.28 and cost, rendered by the Supreme Court on the 20th of January, 1846; and to attach and subject to its satisfaction a decree of the Chancery Court of DeKalb County in favor of defendant for $2,500.

The bill was filed October 1st, 1877. To account for and excuse the delay in filing the bill it is shown that two executions were issued on the judgment. One was returned *nulla bona*, and the other levied upon a negro woman successfully replevied by the father of defendant. And that John Martin has been all the time insolvent.

The defense was by answer alone—a demurrer filed therewith never having been acted upon, and hence to be treated as abandoned—and consisted in a denial of the existence of the judgment, the defendant insisting that he knows nothing of it, and if the record shall show it that he will be strongly impressed with the opinion that there has been sharp practice or criminal conduct on the part of complainant or his agents in obtaining it. He says further that this respondent knows if ever such a judgment existed and was honest that it has been paid off and discharged. Further on he says: "Respondent had not the slightest suspicion

that complainant pretended to have a debt against him until the filing of the bill." He denies his insolvency, and relies upon the presumption of payment after delay of more than sixteen years, and pleads the statute of limitations of ten years.

The Chancellor decreed for complainant, and defendant appealed.

The cause was heard by the Commission of Referees, and they recommended a reversal upon the ground that the action was barred by the statute of limitation of ten years (New Code, § 3473), and in equity as a stale demand.

Proper exceptions open the case upon these two questions only.

Complainant's exceptions to the last proposition are two:

*First*—That such defense is not made in the answer, only having been attempted in the demurrer never acted upon.

*Second*—That the delay is accounted for and excused on account of defendant's insolvency; and both are well taken.

The only remaining question is upon the statute of limitations. Upon this question the report is erroneous.

The Code limitation of ten years (New Code, § 3473) does not apply, because the judgment was rendered before the 1st of October, 1858, and Section 45 (New Code) provides that causes of action accruing before that date shall not be affected by the limitations provided in the Code.

There was, therefore, no statute of limitations, as such, applicable to the judgment or action thereon, and it was not barred by any statute. This does not follow, for the reason assigned in argument that the statute of limitations could not apply to a judgment rendered before the passage of the law, for this has been repeatedly decided to the contrary, and is so well recognized that Judge McFarland says, in case of *Keeble* v. *Tompkins*, 2 Bax., 474: "As the statute applies only to the remedy, we make no question as to the power of the Legislature to make the limitation applicable to causes of action then existing."

It was not because the Legislature could not, but because it *did not* make the statute of ten years applicable to existing judgments that it does not apply to such judgments. In express terms the Legislature declared that such statute should not apply to causes of action accruing before the 1st of October, 1858; and as this cause of action (judgment) accrued and was in existence before such date, it was excluded from the operation of the statute. In the report of the Commission attention is called to the fact that the judgment held to be barred in ten years in the case of *McGrew* v. *Reasons*, 3 Lea, 485, was taken before the 1st of October, 1858, and after the 1st of May, 1858, at which latter date the Code took effect. The judgment in that case was in fact rendered as stated, on the 3d of May, 1858; but the question considered in this case was not raised in that by

Court or counsel, but one entirely different was made and debated, and this question overlooked—certainly not determined.

The report of the Commission must be set aside, and the decree of the Chancellor affirmed, with cost.